IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEBRA L. DUDLEY,                              Civil No. 05-6278-AA
                                             OPINION AND ORDER
            Plaintiff,

      vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

            Defendant.
_____

Alan Stuart Graf
Attorney At Law
PO Box 98
Summertown, TN 38483
      Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Richard A. Morris
Special Assistant U.S. Attorney
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
      Attorneys for defendant

AIKEN, Judge:

      Claimant, Debra Dudley, brings this action pursuant to the

Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain

1    - OPINION AND ORDER

judicial review of a final decision of the Commissioner.  The
Commissioner denied plaintiff's application for Disability
Insurance Benefits (DIB) under Title II of the Social Security
Act.  42 U.S.C. §§ 401-33.  For the reasons set forth below, the
Commissioner's decision is reversed and remanded for payment of
benefits.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed her application for DIB
benefits on January 9, 2002.  Tr. 48.  She alleged disability due
to manic depressive disorder and high cholesterol commencing on
April 27, 2001.  Tr. 78.  Her application was denied initially,
tr. 33, and upon reconsideration.  Tr. 38.  On November 26, 2004,
after a hearing, the Administrative Law Judge (ALJ) ruled that
plaintiff was not disabled as defined by the Act.  Tr. 17-30.
The Appeals Council denied plaintiff's request for review, tr. 5,
making the ALJ's decision the final agency decision.  See 20
C.F.R. §§ 404.981, 422.210.  On September 15, 2005, plaintiff
filed the complaint at bar.

## STATEMENT OF THE FACTS

Born in 1954, plaintiff was 49 years old at the time of the
hearing decision.  Tr. 21, 505.  Plaintiff had a high school
education.  Tr. 21, 84.  She had past relevant work as a
telephone operator, telephone company account manager,
housecleaner, temporary clerical worker, waitress, sales clerk,
food service worker, and clothing store foreman.  Tr. 21, 539-42.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is
based on proper legal standards and the findings are supported by

2    - OPINION AND ORDER

substantial evidence in the record. <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)(quoting <u>Consolidated Edison Co. v. N.L.R.B.</u>, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." <u>Martinez v. Heckler</u>, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. <u>Howard v. Heckler</u>, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. <u>Yuckert</u>, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." <u>Yuckert</u>, 482 U.S. at 140-41; <u>see</u> 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not

3    - OPINION AND ORDER

disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

**DISCUSSION**

The ALJ's Findings

At Step One, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. Tr. 22, 29, Finding 2. 20 C.F.R. § 404.1520(b). This finding is not in dispute.

At Step Two, the ALJ found that plaintiff had bipolar disorder and post-traumatic stress disorder (PTSD), impairments that were severe under the Regulations. Tr. 22, 29, Finding 3.

20 C.F.R. § 404.1520(c). This finding is not in dispute.

At Step Three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 29, Finding 4. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d). This finding is in dispute.

Regarding plaintiff's residual functional capacity (RFC), the ALJ found that plaintiff was capable of performing a wide range of work at all exertional levels. The ALJ found that plaintiff retained the RFC as follows: she was mentally able to understand, remember, and carry out simple and complex instructions; she was capable of maintaining attendance, scheduling and concentration and attention to complete a normal workday without a great deal of interruption from psychologically based issues; she was capable of interacting with the general public and coworkers; she did not have any restrictions in adaptation or the ability to secure employment. She had no exertional limitations. Tr. 28, 29, Finding 6. 20 C.F.R. §§ 404.1520(e), 404.1545, 404.1567. This finding is in dispute.

At Step Four, the ALJ found that plaintiff remained capable of performing her past relevant work as a telephone operator, as that occupation is generally performed in the national economy. Tr. 28, 29, Finding 8. The ALJ, therefore, found plaintiff was not disabled under the Act. This finding is in dispute.

Finally, at Step Five, because the ALJ found plaintiff not disabled at Step Four, the ALJ was not required to address this step in the sequential evaluation process. The ALJ did, however, elicit vocational expert (VE) testimony and found, in the alternative, that plaintiff could perform other work existing in

5   - OPINION AND ORDER

significant numbers in the national economy, and thus, would still not be disabled under the Medical-Vocational Guidelines. Tr. 28.    20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g).    This finding is in dispute.

Plaintiff's Allegations of Error

Plaintiff makes the following assertions of error, the ALJ improperly: (1) found plaintiff's condition did not meet Listing 12.04 for bipolar disorder;    (2) rejected the opinion of an examining psychologist; (3) rejected plaintiff's testimony; and (4) failed to consider plaintiff's physical impairments in combination.

Plaintiff relies on a psychological evaluation completed by Barbara Perry, Ph.D., on May 4, 2005, submitted to the Appeals Council.  Tr. 461-67.  Dr. Perry also completed a Mental Residual Functional Capacity Report on May 16, 2005.  Tr. 468-69.  Dr. Perry's May 4, 2005, evaluation was titled a "Psychodiagnostic Evaluation Follow-Up" to assess plaintiff's recent (past three years) and current psychological functioning.  Dr. Perry's evaluation was based on a clinical interview, the administration of several mental health "screens," and the "considerable information" available in plaintiff's file.  Tr. 461.  Dr. Perry provided the Appeals Council with a comprehensive assessment of plaintiff's mental health, concluding with the finding that plaintiff "appears to be functioning psychologically at a much lower level than when I first saw her in April 2002."  Tr. 466.

Dr. Perry assessed plaintiff with the following psychiatric diagnoses: Bipolar Disorder, Mixed, probably rapid cycling with psychotic symptoms at times; PTSD, chronic; Panic

Disorder with Agoraphobia; Obsessive-Compulsive Disorder; and Specific Phobias: Claustrophobia. See <u>Diagnostic and Statistical Manual of Mental Disorders</u>, 34 (4th Ed. 2000) (DSM-IV). Significantly, Dr. Perry assessed plaintiff with a "current level of adaptive functioning" between 40 and 45 (a "GAF" score). In further support of that assessment, on October 27, 2004, Dr. Peter Schur, Ph.D., diagnosed plaintiff with Bipolar I disorder, mixed psychotic features and PTSD. Dr. Schur noted that plaintiff's global assessment of functioning was even lower: "35 to 45 with major impairment." Tr. 462. A GAF score between 41 - 50 indicates serious symptoms (i.e., severe obsessional rituals, suicidal ideation) or any serious impairment in social, occupational or school functioning. See DSM-IV.

Dr. Perry also found plaintiff "markedly limited[1]" in the following areas: ability to understand and remember detailed instructions; ability to carry out detailed instructions; ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerance; ability to sustain an ordinary routine without special supervision; ability to work in coordination with or in proximity to others without being distracted by them; ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; ability to get along with co-workers or peers without distracting them or

---

[1] "Markedly limited" is defined as a limitation which precludes the ability to preform the designated activity on a regular and sustained basis, i.e., 8 hours a day, 5 days a week, or an equivalent work schedule.

exhibiting behavioral extremes; ability to respond appropriately to changes in the work setting; and ability to travel in unfamiliar places or use public transportation.   Dr. Perry further found plaintiff "moderately limited[2]" in the following areas: ability to remember locations and work-like procedures; ability to maintain attention and concentration for extended periods; ability to interact appropriately with the general public; ability to accept instructions and respond appropriately to criticism from supervisors; ability to be aware of normal hazards and take appropriate precautions; and ability to set realistic goals or make plans independently of others. Tr. 468-69.

Further, Dr. Perry indicated that plaintiff's prognosis was "guarded," and stated that plaintiff was "compliant with treatment." Tr. 469. Finally, Dr. Perry noted that plaintiff's condition will last at least twelve months. Id.

Contrary to defendant's contention, "it is clear that reports containing observations made after the period for disability are relevant to assess the claimant's disability." Kemp v. Weinberger, 522 F.2d 967, 969 (9th Cir. 1975). See also, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985)(medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis). Here, the Appeals Council considered the additional evidence submitted by the plaintiff and found that "the information does not provide a basis for changing

---

[2]"Moderately limited" is defined as a limitation which "seriously interferes with the individual's ability to perform the designated activity on a regular and sustained basis, i.e., 8 hours a day, 5 days a week, or an equivalent work schedule.

the Administrative Law Judge's decision." Tr. 6. The
regulations provide that the "Appeals Council shall evaluate the
entire record, including new relevant evidence, and shall review
the decision of the ALJ if the ALJ's actions, findings, or
conclusions are contrary to the weight of the evidence in the
entire record." 20 C.F.R. § 404.970(b). Further, the Ninth
Circuit has held that it is appropriate to review de novo the
Appeals Council's refusal to review the ALJ's decision where
claimant presents new material to the Appeals Counsel after the
hearing before the ALJ. Bates v. Sullivan, 894 F.2d 1059, 1063-
64 (9th Cir. 1990).

Here, upon receiving the new evidence from Dr. Perry, the
Appeals Council could have remanded to the ALJ for a further
hearing. It chose not to do so. Instead, the Appeals Council
treated the record as complete. This court may now appropriately
consider both the ALJ's decision and the additional material
submitted to the Appeals Council. Ramirez v. Shalala, 8 F.3d
1449, 1451-52 (9th Cir. 1993). In considering Dr. Perry's
evaluations including plaintiff's diagnoses, her current level of
adaptive functioning, and plaintiff's residual function
capacities, this court may either remand the case for additional
evidence or award benefits. Varney v. Secretary of Health and
Human Servs., 859 F.2d 1396, 1399 (9th Cir. 1988)(internal
quotation omitted). Where the record is complete, the court may
award benefits to the plaintiff. Id. (internal citation
omitted). Here, the record establishes that plaintiff has at
least the diagnoses of Bipolar Disorder (with psychotic symptoms
at times); PTSD, chronic; Panic Disorder; and Obsessive-

9    - OPINION AND ORDER

Compulsive Disorder. The record also establishes that plaintiff's current level of adaptive functioning ranges between 35 and 45. Finally, the court notes that plaintiff's mental residual functional capacity is limited. That conclusion is based on the evaluation of plaintiff's basic mental health skills which resulted in an overwhelming number of both "moderately" and "markedly limited" skills necessary to engage in competitive employment. Moreover, I find no substantial evidence to the contrary. The Appeals Council therefore erred in failing to overturn the ALJ's decision and award benefits to plaintiff. Therefore, the Secretary's decision is reversed and remanded for payment of benefits.

## CONCLUSION

The Commissioner's decision is not based on substantial evidence, and is therefore, reversed and remanded for payment of benefits.

IT IS SO ORDERED.

Dated this 4 day of October 2006.


_____
Ann Aiken
United States District Judge